| | | |
|---|---|---|
| DOCKET NO.: HHD-CV22-6162426-S | : | SUPERIOR COURT |
| | : | |
| CHARLENE GRIER | : | JUDICIAL DISTRICT OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| GREYHOUND LINES, INC. and JOHN DOE | : | DECEMBER 19, 2022 |

## ANSWER AND SPECIAL DEFENSES

Pursuant to Practice Book § 10-8, the Defendants, Greyhound Lines, Inc. and John Doe ("Defendants") hereby respond to the Plaintiff's Complaint, dated November 1, 2022, upon information and belief, as follows:

### COUNT ONE (Charlene Grier v. Greyhound Lines, Inc.- Negligence)

1. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

2. Admit.

3. Admit.

4. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

5. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

6. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

7. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

8. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

9. Denied.

10. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

11. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

12. (a-n). Denied.

13. (a-p.) Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

14. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

15. Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

**COUNT TWO (Charlene Grier v. Greyhound Lines, Inc. – Negligent Training/Supervision)**

1-11. Defendants re-allege and repeat the same admissions and denials from Paragraphs 1-11 of Count One as if incorporated and fully set forth herein to Paragraphs 1-11 of this Count Two.

12. Denied.

13-15. Defendants re-allege and repeat the same admissions and denials from Paragraphs 13-15 of Count One as if incorporated and fully set forth herein to Paragraphs 13-15 of this Count Two.

### COUNT THREE (Charlene Grier v. John Doe-Negligence)

1-11.   Defendants re-allege and repeat the same admissions and denials from Paragraphs 1-11 of Count One as if incorporated and fully set forth herein to Paragraphs 1-11 of this Count Three.

12.   Denied except that bus driver's identity is Jean Therasse not John Doe.

13-15. Defendants re-allege and repeat the same admissions and denials from Paragraphs 13-15 of Count One as if incorporated and fully set forth herein to Paragraphs 13-15 of this Count Three.

### COUNT FOUR (Charlene Grier v. Greyhound Lines, Inc.-Respondeat Superior)

1-15.   Defendants re-allege and repeat the same admissions and denials from Paragraphs 1-15 of Count One as if incorporated and fully set forth herein to Paragraphs 1-15 of this Count Four.

16.   Admit except that bus driver's identity is Jean Therasse not John Doe.

17.   Defendants deny knowledge and information sufficient enough to form a belief adequate to form an admission or denial and leaves plaintiff to her proof.

### FIRST SPECIAL DEFENSE

Any injuries, losses or damages which the plaintiff allegedly sustained as a result of the incident alleged in his Complaint resulted from the independent, intervening and supervening negligence of a person or persons or entities over whom the answering defendants had no control and for whose conduct the answering defendants are not liable, to wit: Plaintiff's daughter, Marcella Colboeth's lack of or negligent supervision of her mother, the Plaintiff, in boarding, traversing and de-boarding the bus.

## SECOND SPECIAL DEFENSE

Any injuries, losses or damages which the plaintiffs allegedly sustained as a result of the incident alleged in his Complaint are entitled to a collateral source set-off or reduction in damages with respect to any judgment against the defendants pursuant to General Statutes §§ 52-225a through 52-225c inclusive.

## THIRD SPECIAL DEFENSE

At the time of the incident as alleged in the Plaintiff's Complaint, the Plaintiff was negligent and her own negligence was the actual, direct and proximate cause, in part and/or in whole, of any injuries, damages or losses claimed, in one or more of the following respects of her fault:

    a.    In that she failed to maintain a proper look out with his respect to stepping off the bus and negotiating the steps and seeing what was to be seen;

    b.    In that she was inattentive to his surroundings;

    c.    In that she failed to make proper and reasonable use of her senses and faculties;

    d.    In that she failed to use reasonable care to ensure her own safety commensurate under the circumstances then and there existing;

    e.    In that she engaged in misuse and abuse of the premises and failed to use handrails;

    f.    In that she failed to properly use the stairs for its intended use and purpose; and

    g.    In that she failed to follow directions, warnings and instructions located or provided unambiguously and conspicuously in or about the bus stairs, or provided by the driver or intercom or by others;

## FOURTH SPECIAL DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**FIFTH SPECIAL DEFENSE**

Defendants did not create and had no actual or constructive notice of any alleged hazardous condition or "defect" alleged in the Complaint.

**SIXTH SPECIAL DEFENSE**

Defendants complied with all federal, state, and local rules, laws, ordinances, regulations, protocols and policies regarding the de-boarding circumstances and are not the proximate cause of Plaintiff's alleged accident or injuries as a result.

**THE DEFENDANTS,**
**GREYHOUND LINES, INC. and JOHN DOE**

By:  /s/ 417497 Ephraim J. Fink, Esq.
Ephraim J. Fink, Esq.
Marshall Dennehey Warner Coleman & Goggin
287 Bowman Avenue, Suite 404
Purchase, New York  10577
Email:  EJFink@MDWCG.com
Phone: (914) 977-7300
Direct Dial: (914) 977-7306
Fax:    (914) 977-7301
Our File No.: 42306.00107
Firm Juris No. 435965

and

Granite Square
700 State Street, Suite 303
New Haven, Connecticut 06511
Phone: (203) 714-4560

## CERTIFICATION

      I hereby certify that a copy of the foregoing was transmitted via facsimile, <u>electronic mail</u>, and/or U.S. mail, postage prepaid, to the following counsel of record below in this matter on this 19th day of December as follows:

Goff Law Group LLC (efile@gofflawgroup.net)
Attn: Tiffany L. Sabato, Esq. (tiffany@gofflawgroup.net)
433 South Main Street, Suite 328
West Hartford, Connecticut 06110
Phone: (203) 399-0000
Juris No.: 438704
***Attorneys for Plaintiff, Charlene Grier***

                                                                /s/ 417497 Ephraim J. Fink, Esq.
                                                                  EPHRAIM J. FINK, ESQ.